IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISON

| | | |
|---|---|---|
| JACK D. McCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 3:17-cv-50116 |
| | ) | |
| ILLINOIS STATE POLICE AGENT BRION HANLEY, et al., | ) | Honorable Frederick J. Kapala |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ADDENDUM TO JOINT INITIAL STATUS REPORT

1. **Nature of the Case Including Legal Issues, Factual Issues, and Affirmative Defenses.**

   The claims in this case arise under 42 U.S.C. § 1983 and Illinois state law for alleged violations of Plaintiff Jack McCullough's constitutional rights. Mr. McCullough alleges that the individual defendants fabricated evidence against him, used improper and suggestive procedures to taint pretrial identifications, and deliberately withheld exculpatory evidence, thus depriving him of his due process right to a fair trial and resulting in his wrongful imprisonment. Mr. McCullough also alleges that the defendants accused him of criminal activity knowing that those accusations lacked genuine probable cause, resulting in Mr. McCullough being improperly subjected to criminal proceedings. Mr. McCullough alleges that the defendants stood by without intervening to prevent the violations of his constitutional rights. Furthermore, Mr. McCullough alleges that the defendants conspired with each other to commit the violation of his constitutional rights above. Mr. McCullough also alleges that the cities of Sycamore and Seattle, and DeKalb County are liable for these violations because the individual defendants were acting under color of law while employed by the one of the cities or DeKalb County. Defendants deny all of the allegations.

   Specifically, the claims against Defendants Brion Hanley, Daniel P. Smith, Todd Damasky, Larry Kot, Tiffany Ziegler, Irene Lau, Cloyd Stieger, Michael

Ciesynski, Clay Campbell, Julie Trevarthen, and Victor Escarcida are: Count I – Federal Law, Fifth & Fourteenth Amendments (Due Process, Fair Trial); Count II – Federal Law, Fourth Amendment (Unlawful Detention); Count III – 42 U.S.C. § 1983, Failure to Intervene; Count IV – 42 U.S.C. § 1983, Conspiracy to Deprive Constitutional Rights; Count V – State Law, Malicious Prosecution; Count VI – State Law, Intentional Infliction of Emotional Distress; and Count VII – State Law, Civil Conspiracy.

The claims against Defendants City of Sycamore and City of Seattle are: Count VIII – State Law Respondeat Superior and Count IX – State law, Indemnification. Finally, the claim against Defendant DeKalb County is Count IX – State law, Indemnification.

Mr. McCullough is seeking compensatory damages, punitive damages, and an award of costs and attorneys' fees.

Sycamore Defendants deny all of the allegations, and will be asserting various defenses, including but not limited to qualified immunity. As to Seattle Defendants, they deny all allegations, and will be asserting various defenses to Plaintiff's Complaint, including but not limited to lack of personal jurisdiction and qualified immunity. Seattle Defendants will also be seeking a stay of these proceedings. As to the Prosecutor Defendants, the primary legal and factual issues include whether the Prosecutor Defendants were involved in the investigation of Plaintiff and whether they are entitled to absolute prosecutorial immunity. The Prosecutor Defendants also deny the allegations in the Complaint and will be asserting the legal and factual defenses set forth in their Motion to Dismiss.

2. **Parties and Service (cont.)**

| Defendant | Date Served | Date Appeared | Answer Due/Date Answered |
|---|---|---|---|
| Tiffany Ziegler | 4/30/17 | 5/11/17 | 6/14/17 |
| City of Seattle | 4/19/17 | 6/1/17 | 7/17/17 |
| Irene Lau | 4/29/17 | 6/1/17 | 7/17/17 |
| Cloyd Steiger | 4/25/17 | 6/1/17 | 7/17/17 |
| Michael Ciesynski | 5/2/17 | 6/1/17 | 7/17/17 |
| Clay Campbell | 4/30/17 | 5/12/17 | 6/5/17 |
| Victor Escarcida | 5/4/17 | 5/12/17 | 6/5/17 |
| Julie Trevarthen | 5/3/17 | 5/12/17 | 6/5/17 |
| DeKalb County | 4/19/17 | 5/12/17 | 6/5/17 |

4. **Parallel Cases**

| Case Name | Case # | Court | Nature of Proceeding |
|---|---|---|---|
| *Reimann v. Hanley, et al.* | 16-cv-50175 | N.D. Ill. | 42 USC § 1983 action |
| *In Re Special Prosecutor* | 16 MR 271 | DeKalb County | Please see below. |

*In Re Special Prosecutor* – Matter appointing a special prosecutor to: (a) conduct an investigation into allegations of perjury concerning Detective Lau; (b) make a decision, within the bounds of prosecutorial discretion, concerning whether or not charges against Defendant Lau are warranted, and should such charges be brought, to prosecute the same; (c) at said Special State's Attorney's discretion, investigate any other allegations of misconduct or wrongdoing in connection with the investigation of the kidnapping and murder of Maria Ridulph, and the prosecution of Jack D. McCullough, and (d) bring charges and prosecute the same, if in the determination of the Special State's Attorney, such criminal charges are warranted.

6. **Discovery**

The plaintiff anticipates taking about 30 depositions of fact witnesses.

Defendants do not agree with Plaintiff's proposed 7 months for discovery, and request 18 months for fact discovery.

While Seattle Defendants are unable to specifically identify a number of witnesses they anticipate deposing until after the parties have exchanged initial disclosures, Seattle Defendants anticipate taking at least between 15-20 depositions of fact witnesses.

Further, Defendants request a dedicated 90 days of discovery to devote solely to the subpoenaing and requesting of documents relating to this 60-year old case and the associated state and federal investigations, prior to beginning oral depositions. Though Plaintiff's counsel has represented they are in possession of most, if not all, of the relevant documents, Defendants would like time to issue their own subpoenas for documents from organizations such as the FBI and AT&T, which, considering the age of the underlying incident, may take a longer period of time to receive. Further, upon information and belief, it is Defendants understanding that the court file for the underlying criminal case is sealed, and Defendants will first need to move the criminal court to unseal the same. Granting

this 90-day period will assist in Defendants ability to become adequately apprised of the underlying facts of this case before any oral depositions can begin. Thus, Defendants request a dedicated 90 days of discovery to subpoena and request and review documents before beginning oral depositions.

      Plaintiff does not agree with Defendants' request for 90 days of discovery devoted solely to subpoenaing and requesting documents.

PLAINTIFF: Jack D. McCullough

BY: Arthur Loevy
  Jon Loevy
  Russell Ainsworth
  David B. Owens
  Aisha N. Davis
  LOEVY & LOEVY
  311 N. Aberdeen Street, 3rd Floor
  Chicago, IL 60607
  (312) 243-5900
  (312) 243-5902 (fax)

DEFENDANTS: Brion Hanley, Daniel P. Smith, Todd Damasky, and Larry Kot

BY: Michael T. Dierkes
  T. Andrew Horvat
  Illinois Attorney General's Office (100 West Randolph)
  100 West Randolph Street
  13th Floor
  Chicago, IL 60601
  (312) 814-3672

DEFENDANTS: City of Sycamore and Tiffany Ziegler

BY: Dominick L. Lanzito
  Peterson Johnson & Murray - Chicago LLC
  200 West Adams Street
  Suite 2125
  Chicago, IL 60606
  312 724-8024

DEFENDANTS: City of Seattle, Irene Lau, Cloyd Steiger, and Michael Ciesnyski

BY: Cherie K. Getchell
  Seattle City Attorney's Office
  701 5th Avenue
  Suite 2050
  Seattle, WA 98104
  206-233-2158

        Daniel M. Noland
        Molly E. Thompson
        Paul A. Michalik
        Dykema Gossett PLLc
        10 South Wacker Drive
        Suite 2300
        Chicago, IL 60606
        (312)876-1700

DEFENDANT: Irene Lau

BY:    Elizabeth A. Ekl
        James Gus Sotos
        The Sotos Law Firm, P.C.
        550 East Devon
        Suite 150
        Itasca, IL 60143
        (630) 735-3300

DEFENDANTS: Clay Campbell, Victor Escarcida, Julie Trevarthen, and County of DeKalb, Illinois

BY:    Terry A. Ekl
        Patrick L. Provenzale
        Tracy L. Stanker
        Ekl, Williams & Provenzale LLC
        901 Warrenville Road
        #175
        Lisle, IL 60532
        (630) 654-0045

        Vincent C. Mancini
        Fornaro Law
        1022 S. LaGrange Rd.
        La Grange, IL 60525
        708.639.4320