**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| JACK D. McCULLOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17 cv 50116 |
| v. | ) |
| | ) Judge Frederick J. Kapala |
| ILLINOIS STATE POLICE AGENT | ) |
| BRION HANLEY, et al., | ) Magistrate Judge Iain D. Johnston |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT POSITION PAPER IN RESPONSE TO**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendants, City of Seattle, Detectives Cloyd Steiger, Irene Lau, and Michael Ciesynski, DeKalb County, Clay Campbell, Victor Escarcida, Julie Trevarthen, and William Engerman, Brion Hanley, Daniel P. Smith, Todd Damasky, and Larry Kot ("Defendants"), by their attorneys, for their joint position paper in response to plaintiff's motion for leave to file second amended complaint, state:

On July 20, 2018, Judge Kapala entered an order granting in part and denying in part defendants' motions to dismiss plaintiff's first amended complaint. (Dkt. 149). Judge Kapala dismissed the *Brady* claim against the Seattle defendants in count I with prejudice, dismissed count II (alleging a suggestive identification procedure) without prejudice, and dismissed count V with prejudice. (Dkt. 149 at 23). The Court allowed plaintiff to refile count II on or before August 20, 2018. (Dkt. 149 at 1).

Defendants have no objection to plaintiff's refiling of count II in accordance with Judge Kapala's order. However, defendants object to count V because it is inconsistent with Judge Kapala's order and is barred by the statute of limitations.

According to plaintiff, his new count V is a Fourth Amendment claim for detaining him past the institution of legal process absent probable cause consistent with *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017). (Dkt. 172 at 2). Count V, however, was previously dismissed with prejudice.[1] (Dkt. 149 at 23). Moreover, count V is barred by the statute of limitations. Under either of these bases, plaintiff's motion for leave to file a new count V should be denied because it would be futile. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 910 (7th Cir. 2000).

In *Manuel*, the Supreme Court confirmed that claims of unlawful pretrial detention are to be brought under the Fourth Amendment: "If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Manuel*, 137 S.Ct. at 919. The Supreme Court in *Manuel* did not decide when an unlawful detention claim accrues and remanded the issue to the Seventh Circuit for determination. *Id*. at 920. The remand of *Manuel* was orally argued before the Seventh Circuit on or about September 19, 2017 and awaits ruling.

In this case, the rights asserted by plaintiff in his proposed count V are the same rights as those underlying claims for false arrest or unreasonable search and seizure. Under established precedent, plaintiff's claim is therefore time-barred. *Wallace v. Kato*, 549 U.S. 384 (2007); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). In particular, plaintiff's Fourth Amendment claim for pre-trial detention without probable cause either accrues "immediately" like a search and seizure

---

[1] Count V of plaintiff's first amended complaint referenced the Fourth Amendment in paragraph 220. The Seattle Defendants moved to dismiss count V because, among other things, any attempt to assert a Fourth Amendment claim was barred by the statute of limitations (although defendants incorrectly stated in their motion the Fourth Amendment was referenced in Count VI when it was actually referenced in count V). (Dkt. 96 at 12-14). In its ruling, the District Court dismissed count V as plaintiff's malicious prosecution claim was superfluous. (Dkt. 96 at 15). With respect to the Fourth Amendment, the district court stated that "[t]here is no stand-alone Fourth Amendment unlawful-arrest or detention claim alleged in the amended complaint." (Dkt. 96 at 15).

claim (*Evans*, 603 F.3d at 363), or it accrues when the pre-trial detention terminated like a claim for false arrest (*Wallace*, 549 U.S. at 391). Under either analysis, plaintiff's proposed Fourth Amendment claim accrued in 2011 or 2012 at the latest and is now time-barred because, according to the proposed Second Amended Complaint, he was convicted for Maria Ridulph's murder on September 14, 2012. (Dkt. 175-1, at ¶186). *Wallace*, 549 U.S. at 391; *Evans*, 603 F.3d at 363.

It is likely plaintiff will argue that count V is viable under *Heck v. Humphrey*, 512 U.S. 477 (1994). Based on *Wallace*, defendants disagree. Specifically, in *Wallace*, the Supreme Court rejected the application of *Heck* to "an anticipated future conviction" as "bizarre." *Wallace*, 549 U.S. at 393. As for the possibility of tolling, the Supreme Court rejected that as well, stating "We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations. Petitioner has not brought to our attention, nor are we aware of, Illinois cases providing tolling in even remotely comparable circumstances. Nor would we be inclined to adopt a federal tolling rule to this effect." *Id*. at 394. The Court should therefore deny plaintiff's motion for leave to file a new count V.

It should be noted that other courts in the Northern District of Illinois have deferred ruling on the accrual date of a Fourth Amendment pretrial detention claim pending the Seventh Circuit's forthcoming decision in *Manuel* (*Abernathy v. Village of Park Forest*, 16 C 2128, Dkt. 139 (N.D. Ill., June 19, 2017, Dow, J.)), or denied a similar motion "without prejudice to reconsideration should the Seventh Circuit's decision in *Manuel*" confirm that these types of claims are untimely. *Williamson v. Ortiz*, 2018 WL 3770072, *3 (N.D. Ill. August 9, 2018, Johnson- Coleman, J.); *see also Taylor v. City of Chicago*, No. 17 C 3642, Dkt. 50 (N.D. Ill. August 27, 2018, Wood, J.) (denying a motion to dismiss a Fourth Amendment pretrial detention claim based on the statute of limitations). Defendants respectfully disagree with the analysis in *Williamson* and *Taylor* for the

reasons stated in *Wallace* and above. However, should plaintiff be given leave to file count V, and should the court find the approach in *Abernathy* or *Williamson* preferable, then defendants suggest the court enter an order extending the time for defendants to answer or otherwise plead to count V until 21 days after the Seventh Circuit's decision in *Manuel*.

WHEREFORE, Defendants, City of Seattle, Detectives Cloyd Steiger, Irene Lau, and Michael Ciesynski, DeKalb County, Clay Campbell, Victor Escarcida, Julie Trevarthen, and William Engerman, Brion Hanley, Daniel P. Smith, Todd Damasky, and Larry Kot, request that this court deny plaintiff's motion for leave to file count V of plaintiff's second amended complaint, or in the alternative, extend the time for defendants to answer or otherwise plead to count V until 21 days after the Seventh Circuit's decision in *Manuel*, and for any other relief this Court deems appropriate.

Respectfully submitted,

/s/ Daniel M. Noland
Ghazal Sharifi
Kerala Cowart
Seattle City Attorney's Office
701 5th Avenue, Suite 2050
Seattle, WA 98104

Daniel M. Noland
Elizabeth A. Ekl
Paul A. Michalik
Reiter Burns LLP
311 S. Wacker Drive, Suite 5200
Chicago, IL 60606

*Attorneys for Defendants City of Seattle, Cloyd Steiger, Michael Ciesynski, and Irene Lau*

/s/ Tracy L. Stanker
Terry Ekl
Patrick Provenzale
Vincent Mancini
Tracy L. Stanker
Nemura Pencyla
Ekl, Williams & Provenzale LLC
901 Warrenville Rd., #175
Lisle, IL 60532

*Attorneys for Defendants Clay Campbell, Victor Escarcida, Julie Trevarthen, William Engerman, and County of DeKalb, Illinois*

/s/ T. Andrew Horvat
Michael T. Dierkes
T. Andrew Horvat
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601

4

*Attorneys for Defendants Brion Hanley, Daniel P. Smith, Todd Damasky, and Larry Kot*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2018, I electronically filed the foregoing *Defendants' Joint Position Paper in Response to Plaintiff's Motion for Leave to File Second Amended Complaint*, with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all counsel of record:

**_Attorneys for Plaintiff_**
Jon Loevy
Russell Ainsworth
David B. Owens
Aisha N. Davis
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
jon@loevy.com
russell@loevy.com
david@loevy.com
aisha@loevy.com

**_Attorneys for Defendants Clay Campbell, Victor Escarcida, Julie Trevarthen, William Engerman, and County of DeKalb, Illinois_**
Terry Ekl
Patrick Provenzale
Vincent Mancini
Tracy L. Stanker
Nemura Pencyla
Ekl, Williams & Provenzale LLC
901 Warrenville Rd., #175
Lisle, IL 60532
630-654-0045
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
vmancini@eklwilliams.com
tstanker@eklwilliams.com
npencyla@eklwilliams.com

**_Attorneys for Defendants Brion Hanley, Daniel P. Smith, Todd Damasky, Larry Kot_**
Michael T. Dierkes
T. Andrew Horvat
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601
312-814-3672
312-814-5484 (Horvat)
mdierkes@atg.state.il.us
thorvat@atg.state.il.us

/s/ Daniel M. Noland